UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CLINT PHILLIPS, III,                          )
                                              )
        Plaintiff,                            )
                                              )
        v.                                    )          No. 4:26-cv-00957 RHH
                                              )
UNITED STATES, et al.,                        )
                                              )
        Defendants.                           )

## OPINION, MEMORANDUM AND ORDER

Plaintiff Clint Phillips, III, a frequent pro se and in forma pauperis litigant, has filed a Complaint against the United States and Stribling Law Firm, *see* ECF 1, as well as an Application for leave to proceed in forma pauperis, ECF 2.[1] The Court has reviewed Plaintiff's Application and finds that he is unable to afford the $405 filing fee. The Court will therefore grant Plaintiff leave to proceed in forma pauperis. Plaintiff's request for leave to pay the filing fee over time will be denied as moot. Finally, having reviewed Plaintiff's Complaint, the Court will dismiss this action for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### The Complaint

Plaintiff states that in March of 2026, his Veterans Administration (VA) Fiduciary (or Representative Payee), who appears to work at the Stribling Law Firm in New Orleans, Louisiana, failed to pay filing fees for an action he filed in St. Louis County Circuit Court. Plaintiff asserts that his fiduciary at Stribling Law Firm is not doing what is in his best interests or doing what he "desires, wants, needs. . ." [ECF No. 1 at 5]. Plaintiff believes the Stribling

---

[1] Plaintiff's Application for leave to proceed in forma pauperis also includes a motion to pay his filing fee in partial payments. He claims that his V.A. Representative is "paying below the poverty threshold of $15 per hr. (minimum wage)." [ECF No. 2].

Law Firm is acting in violation of his rights in failing to pay for his needs, or in failing to pay for him below the minimum hourly wage of $15 per hour. He also complains that his fiduciary failed to fix his plumbing and deprived him of $250 per week.

In his request for relief, Plaintiff seeks damages in excess of seven million dollars for purported "pain, suffering, humiliation, and disgrace with malice." [ECF No. 1 at 5].

## Legal Standard

This Court must screen complaints filed in forma pauperis and must dismiss any action that is frivolous, among other grounds.  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The term "frivolous" encompasses "not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Id.*  Accordingly, the Court may dismiss "those claims whose factual contentions are clearly baseless," *id.* at 327, including those allegations that are "fantastic" or "delusional."  *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 328).  Although "[a]n in forma pauperis complaint may not be dismissed . . . simply because the [C]ourt finds the plaintiff's allegations unlikely," "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Id.* at 33.

## Discussion

Plaintiff Clint Phillips, III, brings this civil action against the United States of America and the Stribling Law Firm, who appears to have been assigned Plaintiff's fiduciary by the Secretary of Veterans Affairs under the Veterans Affairs Fiduciary Program.[2] In this matter,

---

[2] A fiduciary, or representative payee, is designated to receive and administer a veterans disability benefits. Pursuant to 38 U.S.C. § 5502(a)(1):

Plaintiff appears to question the fiduciary's ability to manage his VA benefits, and he complains about the designated fiduciary, Stribling Law Firm.

The Court will first address Plaintiff's claims against the United States of America. Plaintiff purports to sue the United States, but he has failed to present any allegations against the United States in the body of his Complaint. Thus, Plaintiff's allegations against the United States are subject to dismissal.[3]

Additionally, the Court lacks jurisdiction over Plaintiff's allegations against the Stribling Law Firm because the Veterans Judicial Review Act (VJRA) significantly limits the scope of this Court's jurisdiction in cases involving VA benefits and the review and supervision of VA fiduciaries. More specifically, the VJRA provides that the Secretary of Veterans Affairs "shall

---

> [w]where it appears to the Secretary that the interest of the beneficiary would be served thereby, payment of benefits under any law administered by the Secretary, may be made directly to the beneficiary or to a relative or some other fiduciary for the use and benefit of the beneficiary, regardless of any legal disability on the part of the beneficiary.

The federal regulations authorize the Department of Veterans Affairs to appoint the person or entity best suited to receive benefits in a fiduciary capacity for a beneficiary who is incompetent or under legal disability by reason of minority or court action, and beneficiary's dependents. *See Evans v. Greenfield Banking Co.,* 774 F.3d 1117, 1120 (7th Cir. 2014) *citing* 38 U.S.C. § 5502(a)(1) and 38 C.F.R. § 13.55(a). The VA Secretary's appointment decision falls under 38 U.S.C. § 511 and can be appealed to the Board of Veterans Appeals. *Id.* at 1121. The Secretary also has congressional authority to supervise the fiduciaries. 38 U.S.C. § 5502(b). If the VA Secretary estimates it necessary to protect the beneficiary's interests, the Secretary may require a fiduciary to provide an accounting or may even terminate the appointment of a fiduciary and appoint a successor fiduciary. *See* 38 C.F.R. § 13.100(a)(2). The authority also comprises the ability to investigate claims of malfeasance and to take suitable action. *Id.*

[3] Even if Plaintiff's claims against the United States government were not subject to dismissal for failure to state a claim, they would be subject to dismissal because the United States has sovereign immunity from suit. *See Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985). The doctrine of sovereign immunity provides that the United States is immune from suit unless Congress has expressly waived the defense. *See, e.g., United States v. Mitchell,* 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Cohens v. Virginia,* 19 U.S. 264, 411-12 (1821) ("The universally received opinion is[ ] that no suit can be commenced or prosecuted against the United States[.]"). Congress may waive sovereign immunity, but any such waiver must be express. *United States v. Mitchell,* 445 U.S. 535, 538 (1980). There is nothing in the record to suggest the United States waived, or that Congress overrode, sovereign immunity here. Therefore, Plaintiff's claims against the United States in this instance are meritless.

decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a).

Subject to limited exceptions, the Secretary's decisions under § 511(a) "shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." *Id.* Where the VJRA applies, the district courts are divested of jurisdiction; if the veteran disagrees with the Secretary's decision on any issue within the purview of § 511(a), the veteran's recourse is limited to the "exclusive scheme for the review of claims affecting veteran's benefits." *Andrews v. Sec'y, Dep't of Veterans Affairs*, 845 F. App'x 880, 883 (11th Cir. 2021) (per curiam). This "exclusive scheme" requires the veteran to: (1) file a claim with the VA's regional office; (2) appeal an unfavorable decision to the Board of Veterans Appeals; (3) appeal that decision to the Court of Appeals for Veterans Claims; and, (4) if pure questions of law remain, appeal to the United States Court of Appeals for the Federal Circuit and, ultimately, the Supreme Court. *See Henderson v. United States*, 612 F. App'x 578, 579 (11th Cir. 2015) (per curiam).

Courts throughout the country, including the Court of Appeals for Veterans Claims, have therefore concluded that the selection, supervision, and removal of fiduciaries pursuant to 38 U.S.C. §§ 5502 and 5507 are determinations made under laws that affect the provision of benefits and thus implicate § 511(a). *See, e.g., Shorette v. McDonough,* 36 Vet. App. 297, 313 (2023) (holding that claim involving "VA's appointment and removal of a fiduciary" arose "under a law that affects the provision of benefits" for purposes of determining jurisdiction); *Freeman v. Shinseki*, 24 Vet. App. 404, 417 (2011) (per curiam) (holding that "the statutory framework authorizing the Secretary to appoint a fiduciary to handle VA benefits for an incompetent veteran fall within the purview of section 511(a)"); *Andrews*, 845 F. App'x at 883

4

("Section 5502, which governs payments to and supervision of fiduciaries, is a law affecting the provision of veterans' benefits."); *Evans v. Greenfield Banking Co.,* 774 F.3d 1117, 1124 (7th Cir. 2014) (holding that court lacked jurisdiction over a complaint that amounted to "a challenge to a federal fiduciary appointment and to veteran benefits distribution"); *Henderson v. United States*, Civil Action No. 1:14-CV-0549 AT, 2014 WL 11456277, at *4 (N.D. Ga. July 31, 2014) (collecting cases and finding that court did not have subject matter jurisdiction over claim alleging that department of Veterans Affairs negligently distributed veteran's benefits to improper fiduciary), *aff'd* 612 F. App'x 578 (11th Cir. 2015) (per curiam).

This case centers around Plaintiff's contention that his VA fiduciary, the Stribling Law Firm, failed to pay expenses that he believes should have been paid. Plaintiff seeks not only restoration of those allegedly misappropriated benefits, but damages in excess of those funds. To resolve Plaintiff's claims in his favor, this Court would have to inquire into whether the VA acted properly in appointing and supervising Plaintiff's fiduciary – the Stribling Law Firm. As described above, these are matters that arise under laws that affect the provision of VA benefits, and Plaintiff's claims thus necessarily implicate § 511(a). *See, e.g., Henderson*, 2014 WL 11456277, at *6 (finding that claim would implicate § 511(a) where it "solely seeks to recover retroactive benefits previously awarded in effect to [fiduciary]"); *Andrews*, 845 F. App'x at 884 (holding that § 511(a) prohibited court from exercising jurisdiction over plaintiffs' claims that VA secretary negligently allowed fiduciary to receive payments in excess of statutorily prescribed fee because claims would require the court "to review VA decisions that affect the provision of benefits"). This Court therefore lacks jurisdiction to hear Plaintiff's claims, and the

Complaint is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3).[4]

For the same reasons the Court deems the Complaint subject to dismissal, the Court is "thoroughly convinced that there is no substantial question for review and that an appeal would be futile." *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952). The Court therefore certifies that an appeal from this dismissal would not be taken in good faith. *See id*.; 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis [ECF 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's request to pay the filing fee in partial payments [ECF No. 2] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED for lack of jurisdiction** pursuant to Federal Rule of Civil Procedure 12(h)(3). A separate Order of Dismissal will be entered with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 15th day of July, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[4] This is not to say that Plaintiff has no recourse over his claims. If Plaintiff believes that his fiduciary is acting incorrectly or in violation of VA regulations or the statute, he may be able to bring his claims before the VA Regional Office.